UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME CESAR ALVERTO

                Petitioner,

    v.

MIKE OBENLAND,

                Respondent.

CASE NO. 3:19-CV-05212-RBL-JRC

ORDER

The District Court has referred this 28 U.S.C. § 2254 habeas corpus petition to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Before the Court petitioner's motions to supplement the record, Dkts. 13, 14, which the Court interprets as motions to amend the petition. Respondent has entered an appearance in this case but did not respond to the motions. Dkt. 15.

Petitioner asks the Court to supplement his petition with additional law and facts. Dkts. 13, 14. To the extent that petitioner seeks to amend his petition, petitioner's motions are granted. To the extent that petitioner seeks to supplement his habeas petition with additional briefing or memorandum, petitioner's motions are denied because the new amended petition will serve as a complete substitute for the original petition.

A habeas petitioner's opportunity to amend as a matter of course, without permission of the Court, exists within 21 days of when the responsive pleading is served. Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within … 21 days after service of a responsive pleading."); *Mayle v. Felix*, 545 U.S. 644, 665-66 (2005). After one amendment, or after the government files an answer or other response, a petitioner may not amend without the court's leave or the respondent's consent. *Id.*

Here, petitioner filed his motions to amend on April 22, 2019, Dkt. 14, and April 23, 2019, Dkt. 13, within one day of the Court's April 22, 2019 order serving the petition, Dkt. 12. Therefore, the Court grants petitioner's motions to amend as a matter of course. *See* Fed. R. Civ. P. 15(a).

Petitioner is advised that the amended petition will operate as a complete substitute for (rather than a mere supplement to) the original petition (Dkt. 11).  In other words, an amended petition replaces the original in its entirety, making the original as if it never existed.  Reference to a prior pleading or another document is unacceptable – once petitioner files an amended petition, the original petition will no longer serve any function in this case. Petitioner must file a new and complete amended petition on the court-approved form and attach one memorandum in support of the amended petition that includes all arguments he wishes to consider. Petitioner should title this document "Amended Petition."

Petitioner is further advised that the amended petition and attached memorandum may not exceed a total of fifty (50) pages absent leave of court and upon showing of good cause. The Court may refuse to consider any text that is not included within the page limit. *See* Local Rule 7(e)(6).

Petitioner's motions to file an amended petition (Dkts. 13, 14) are granted. Petitioner may file an amended petition and an attached memorandum that is no longer than fifty (50) pages by June 16, 2019.

Within forty-five (45) days after petitioner files the amended petition, respondent shall file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts. The answer shall be treated in accordance with Local Rule 7. Accordingly, on the face of the answer, respondent shall note it for consideration on the fourth Friday after filing.

Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

If petitioner fails to submit an amended petition by June 16, 2019, this action will proceed on the original petition (Dkt. 11).

Dated this 16th day of May, 2019.

J. Richard Creatura
United States Magistrate Judge