# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JEROME CEASAR ALVERTO,

    Petitioner,

v.

MIKE OBENLAND,

    Respondent.

CASE NO. 3:19-CV-5212-RBJ-DWC

ORDER TO FILE SUPPLEMENTAL ANSWER

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. On March 21, 2019, Petitioner Jerome Ceasar Alverto initiated this action challenging his state court convictions and sentence. *See* Dkt. 1. After review of the record, the Court directs Respondent to file a supplemental state court record. The Court also grants Petitioner's Motion to Supplement Response to Answer (Dkt. 33).

**I.    Supplemental State Court Record**

In the Answer, Respondent argues the Petition is barred by the one-year statute of limitations. Dkt. 22. Petitioner asserts that he is actually innocent and, thus, the Court should excuse his untimeliness and consider his Amended Petition on the merits. *See* Dkt. 32.

The statute of limitations is subject to an actual innocence exception. *See Schlup v. Delo*, 513 U.S. 298 (1995). In order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases ... implicating a fundamental miscarriage of justice.'" 513 U.S. at 314–15 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. A "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Under *Schlup*, Petitioner is required "to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. The habeas court must then "consider all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id*. at 538 (quoting *Schlup*, 513 U.S. at 329).

Here, Petitioner contends he overcomes the time-bar because he is actually innocent. *See* Dkt. 32. Specifically, Petitioner contends the following evidence shows he is actually innocent: (1) DNA test of a hair found on a neighbor's door when the victim went to get help; (2) handwriting analysis showing Petitioner was not the author of a list detailing things to do to kill a woman; (3) newly discovered witness testimony; and (4) Petitioner's phone records showing he did not call the victim. Dkt. 32.

Petitioner asserted a self-serving affidavit stating the four pieces of evidence show he is innocent. *Id*. However, he also submitted the affidavit of Maurice Thrower, an inmate housed with Petitioner, and a letter from David G. Cupp, a certified fraud specialist and handwriting examiner. *See* Dkt. 32. Mr. Thrower stated a man named Eric told Mr. Thrower that he shot his girlfriend and his girlfriend's ex-husband went to jail for the attempted murder. *Id*. at pp. 87-88. Mr. Thrower believes Eric was speaking of Petitioner's case. *Id*. Mr. Cupp contends Eric Rogers is the author of a notepad listing "to do" steps to kill a woman. Dkt. 32, pp. 90-103.

Respondent filed an Answer to the Petition with portions of the state court record. Dkt. 22, 23. The Court has reviewed the Answer and finds relevant portions of the state court record, including the trial transcript, were not included in state court record provided to the Court. *See* Dkt. 23. While the Court recognizes the actual innocence exception to overcome the statute of limitations is rare, Petitioner has submitted evidence that must be considered in light of the all the evidence, new and old. Therefore, the Court directs Respondent to file a supplemental state court record. The supplemental state court record should include the trial transcripts and any additional state court records relevant to this Court's determination.

**II. Motion to Supplement (Dkt. 33)**

Petitioner filed a Motion to Supplement Response to Respondent's Answer and Memorandum of Authorities, wherein he provides corrected pages to his Answer. Dkt. 33. After consideration of the Motion, the Motion (Dkt. 33) is granted. The Court will consider Petitioner's Supplement in deciding this case.

### III. Conclusion

Based on the above stated reasons, the Court directs Respondent to file a supplemental state court record on or before January 17, 2020. The Court will not accept additional briefing at this time.

Petitioner's Motion to Supplement (Dkt. 33) is granted.

The Clerk of Court is directed to re-note the Petition (Dkt. 18) for consideration on January 17, 2020.

Dated this 9th day of December, 2019.

David W. Christel
United States Magistrate Judge